**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

BRANDY SKIPPER WARE                                                    PLAINTIFF

V.                                          CIVIL ACTION NO. 3:24-CV-314-DAS

COMMISSIONER OF SOCIAL SECURITY                              DEFENDANT

<u>**MEMORANDUM OPINION AND JUDGMENT**</u>

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision by the Commissioner of the Social Security Administration regarding her application for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Fifth Circuit Court of Appeals.

The plaintiff argues the ALJ erred in not providing an adequate explanation for his persuasiveness findings on the mental health opinions of the plaintiff's two treating nurse practitioners. In this case there were four sources of opinions, the two nurse practitioners, a consulting examiner and the DDS opinions. Three of the opinions were closely aligned and found only mild to moderate mental health restrictions which were incorporated into the RFC. The medical source statement of one of the nurse practitioners put forth work-preclusive limitations. Considering the ALJ's extensive review and comments on all the mental health records and his explanations for the persuasiveness findings from all four sources, the court finds the rejection of the outlier opinion of the nurse practitioner was adequately explained. Accordingly, the decision of the Commissioner of Social Security is affirmed.

1

**FACTS**

The plaintiff, Brandy Skipper Ware, filed for benefits on October 1, 2021. The Social Security Administration denied the claim initially and on reconsideration. Following the hearing, the ALJ issued an unfavorable decision. (Dkt. 5, p. 18-30).[1] The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ found Ware had the following severe impairments: heart disease and chronic heart failure, depression and anxiety. The ALJ found Ware retained the residual functional capacity (RFC) to perform light work, except she would be limited to occasional interactions with the public, supervisors and coworkers. She would also be limited to only occasional changes in the workplace or work processes.

Ware has no past relevant work, and at forty-five years old, is an individual of younger age. She has at least a high-school education, having obtained her GED. Based on the testimony of the vocational expert, the ALJ found Ware could do other jobs that exist in substantial numbers in the national economy, namely, housekeeping cleaner, SVP2, a job performed at the light level of exertion (133,00 jobs); photo copy operator, SVP 2, performed a the light level of exertion,(17,000 jobs); and deli cutter slicer, also SVP 2 and light exertion (18,000 jobs) in the national economy. The ALJ, therefore, determined that Ware was not disabled.

**ANALYSIS**

The plaintiff raises one issue: that the ALJ erred in his analysis of the medical opinions of Jessica Raines and Kristin Locke, both psychiatric mental health nurse practitioners, which addressed Ware's mental residual function. The ALJ found the Raines' opinion partially persuasive and found both statements provided by Locke to be unpersuasive. The record also

---

[1] All references are to the administrative record using the court's numbering system rather than the administrative numbering.

includes the opinions of the state agency medical consultants (referred to in the ALJ's decision by the previous initials as DDS), and the examination report and opinions of a consulting examiner, Dr. Ellingsworth.

Ware argues that the ALJ did not adequately explain consistency and supportability in his persuasiveness findings for the provider statements for these two treating nurse practitioners.

The current regulations require ALJs to determine the persuasiveness of experts' opinions based on five factors: 1) supportability; 2) consistency; 3) the source's relationship with the patient, 4) the source's medical specialty; and 5) a catchall provision for "other factors that tend to support or contradict" the opinion. 20 C.F.R. § 404.1520c(b)(2). However, the regulations only require the ALJs to discuss the supportability and consistency of the expert opinions in their decisions. *Id.*

In evaluating the supportability of a medical opinion, the regulations provide that, "the strength of a medical opinion increases as the relevance of the objective medical evidence and explanations presented by the medical source increases." *Vellone v. Saul*, 1:20–CV–00261, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021) (citing 20 C.F.R. § 404.1520c(c)(1)). The consistency evaluation is **"**an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *Clay v. Kijakazi*, No. 4:21-CV-149-SA-DAS, 2022 WL 13989015, at *3 (N.D. Miss. Oct. 21, 2022) (quoting 20 C.F.R. § 404.1520c(c)(1) Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844, 5853, 82 FR 5844-01, 5853).

The purpose for requiring an explanation of the persuasiveness finding is to allow meaningful appellate review. It is critical that the ALJ's decisions provide enough information for the courts **"***to conduct a meaningful appellate review of the decision-making process***."** *Clay*,

2022 WL 13989015, at *3. The courts need to know what evidence was considered and why a particular result was reached in the decision-making process. It is not sufficient to simply pay lip service to the regulatory requirements without providing any meaningful detail. *See, e.g., Howard D. v. Saul*, No. 5:19-CV-01615 (BKS), 2021 WL 1152834, at *12 (N.D.N.Y. Mar. 26, 2021). No decision may leave the court to speculate about the ALJ's reasoning or require the court to engage in *post hoc* rationalization. *Id.* This duty of explanation is mandated not only by regulation but also by statute. In every decision, unless fully favorable, the Social Security Administration must provide a "statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons." 42 U.S.C. § 405 (b)(1).

ALJs, however, are not required "to comment on every piece of evidence" but must "build an accurate and logical bridge between the evidence and the final determination. *Price v. Astrue*, 401 F. App'x 985, 986 (5th Cir. 2010) (citing *Glomski v. Massanari*, 172 F. Supp. 2d 1079, 1082, 77 (E.D. Wis. 2001)). The measuring stick for an "adequate discussion" is whether the ALJ's persuasiveness explanation enables the court to undertake the meaningful review of whether his finding about the medical opinion was supported by substantial evidence. *Ramirez v. Saul*, No. SA-20-CV-00457-ESC, 2021 WL 2269473, at *6 (W.D. Tex. June 3, 2021). "The relevant question is not whether the ALJ presented an arbitrary level of detail; it is whether the decision contains a sufficient articulation to identify the evidentiary choices made by the finder of fact." *Jenkins v. Comm'r of Soc. Sec.*, No. 3:23-CV-305-JMV, 2024 WL 1158373, at *5 (N.D. Miss. Mar. 18, 2024).

How much detail in the explanation of the persuasiveness finding is very context dependent. Plus, the determination of the adequacy of and explanation of a "persuasiveness"

4

finding cannot be focused just on the part of the decision expressly addressing a particular provider's opinion but may consider other parts of the record that help to explain the evidence the ALJ considered and the reasons for the persuasiveness decision. *Hubbard v. Commissioner of Social Security*, 2022 WL 196297 (N.D. Tex. January 21, 2022) (finding SAMC's opinions persuasive and also provided an explanation for rejecting other experts' opinions.).

**RAINES STATEMENT**

The ALJ made the following finding regarding Raines' statement:

Ms. Raines's statement date[d] November 2021 is somewhat persuasive (Exhibit B1F).  She noted that from a provider's standpoint, the claimant might have difficulty with work pressure.  This is generally consistent with Dr. Ellingsworth's and DDS's limitation in adapting and managing oneself.

The plaintiff argues this is inadequate because the ALJ did not explain what part of the report was or was not persuasive.  Given the brevity of Raines statement and its vagueness, the court does not believe additional explanation was necessary.  The statement simply gives Ware's diagnoses, the dates of treatment and the one statement that she *might* have difficulty based on work pressures.  Nevertheless the ALJ incorporated limits consistent with Raines' statement into the mental RFC.  Furthermore, as will be addressed in more detail below, both his discussion of the treatment records and his persuasiveness findings on Dr. Ellingsworth's opinions and the DDS opinions, provide further explanations for how the ALJ resolved conflicts among the mental health opinions.

**LOCKE STATEMENTS**

The plaintiff also challenges the findings on Locke's two separate statements, both of which the ALJ found were not persuasive.  In his opinion, the ALJ wrote:

Ms. Locke's mental health statement date[d] June 2023 is not persuasive (Exhibit B18F).  Her statement provided dates of treatment and diagnoses documented of In Focus

5

Psychiatry records, but she indicated that she was unable to make a determination since she had not seen the claimant in two years.

Because Locke disqualified herself as having a basis for offering an opinion specific to Ware, the ALJ did not need to provide any further explanation for finding her vague, contingent statement unpersuasive.

The second statement, a typical checklist statement from April 2024, does require an explanation for the finding that it is not persuasive because the multiple "poor" findings on her mental capacity and the finding that she would miss three or more days per month of work are work preclusive. But the court finds that the opinion as a whole adds to the ALJ's decision and explains why he rejected those opinions.

Addressing Locke's second statement the ALJ stated the following:

Ms. Locke's mental assessment date[d] April 202[4] is not persuasive (Exhibit B24F). Ms. Locke provided a mental assessment. She assessed the claimant with poor functional abilities with activities of daily living; maintaining social functioning; maintain[ing] concentration, persistence, pace; and having episodes of decompensation. She also generally assessed the claimant with poor abilities in other specific mental functioning tasks and assessed that the claimant would miss 3 or more days of work per month due to her mental impairments. The overall record, including In Focus Psychiatry records do not reflect this degree of limitation. (TR 23).

This brief statement standing alone would not be sufficient, but other parts of the opinion add the needed explanation.

Because this case involves opinions from four mental health medical sources, the record and the persuasiveness of these other sources add to the ALJ's determination on Locke's medical source statement. Each of these other sources: the DDS opinion on reconsideration, the opinions of the consultative examiner, Dr. Ellingsworth, and nurse practitioner Raines, acknowledged Ware's problems with anxiety and depression but found her problems resulted in only mild or

moderate limitations in basic areas of functioning, whereas Locke's medical source statement was clearly work preclusive.

In his thorough decision, the ALJ more than adequately disclosed the evidence he considered and his rationale for resolving the conflict in the opinions of these providers and rejecting Locke's outlier opinion. When he explains why he accepts Ellingworth's opinion and the DDS opinions he adds to the explanation for rejecting Locke's extreme restrictions.

The ALJ said that Locke's opinions were not consistent with her own treatment records, and the decision, discussing those records, points out exactly how the records do not support Locke's medical source statement. The explanation for the persuasiveness finding, as shown throughout the opinion, clearly delineates the consideration of the entire record and reveals enough about why the ALJ reached the decision to deny benefits.

**IT IS, THERFORE, ORDERED** that the decision of the Commissioner is affirmed.

**SO ORDERED AND ADJUDGED** this the 7th day of May, 2025.


**/s/ David A. Sanders**
**U.S. MAGISTRATE JUDGE**